WELTON CARSON *v.* STATE OF INDIANA.

[No. 2-874A185. Filed April 29, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

GARRARD, J.—Upon trial by the court appellant, Carson, was convicted of unlawful possession of narcotics. Prior to trial the court denied Carson's motion to suppress the evidence as having been obtained as the result of an unlawful arrest.

At the suppression hearing Carson established, through the arresting officer, that the arrest was made without a warrant and that he had not been arrested for committing a misdemeanor in the officer's presence.

Once the warrantless arrest was established, the burden was imposed upon the state to show that the police action fell within one of the exceptions to the rule requiring a warrant. *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *State* v. *Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874.

It is asserted that the search was incident to a lawful arrest for which, in turn, the police had probable cause. The probable cause relied upon was an informant's tip. Probable cause in such instances may be established either by showing the previously determined reliability of the informant or by the verification of extrinsic facts which import reliability to the tip sufficient to render reasonable the conclusion of the tipster. *Bowles* v. *State* (1971), 256 Ind. 27, 267 N.E.2d 56.

The only evidence introduced at the suppression hearing in justification of the arrest and search was the officer's bare assertion that he made the arrest as a result of a tip from a "confidential and reliable" informant. No particulars were elicited from which the court might make its independent determination of reliability. The bare conclusion of the officer was insufficient. *Aguilar* v. *Texas* (1964), 378 U.S. 108; *Kranik* v. *State* (1933), 204 Ind. 661, 185 N.E. 514.

Therefore, upon the evidence the state presented, the court should have granted the motion.

The state, however, argues that the evidence adduced at trial established reliability through verification of extrinsic facts, and therefore any error in denying the original motion is harmless.

In *Gasaway* v. *State* (1967), 249 Ind. 241, 231 N.E.2d 513, and *United States* v. *Robinson* (1968 N.D. Ind.), 287 F. Supp. 245, the courts recognized the trial court's ability to reconsider its ruling on a motion to suppress. This would, also, seem to be a necessary implication in not permitting the defendant to assert error on the denial of such a motion, unless he objects at trial to the introduction of the evidence. See, *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98.

However, assuming the deficiency might be corrected in this manner, it avails the state nothing. The extrinsic details which assertedly import reliability and support the conclusion that a prudent man of reasonable caution would have been warranted in believing Carson was committing an offense[1] are as follows:

---

1. This is the test. See, *Smith, supra.*

At about 10:00 p.m. the informant advised the police that within an hour Carson would leave his home at 1032 N. Miley and drive away in his auto, which was described, and that he would be possessing heroin. In fact, at about 11:30 p.m. Carson came out. It was a cold night and he started the motor in his car, left it running and went back inside. About ten minutes later he and a female companion came out of the house, got in the car, and drove off. The police observed nothing that could be described as furtive or suspicious in any of this conduct. The parties simply drove off in a reasonable fashion.

Such "extrinsic information" simply would not be sufficient to justify a prudent man in concluding either that the informant's tip must have been correct or that, independently of the tip, Carson was engaged in the commission of a felony. Compare, e.g., *U.S.* v. *Foster* (1973 7th Cir.), 478 F.2d 1001; *Mentzer* v. *State* (1973), 156 Ind. App. 295, 296 N.E.2d 136, where extrinsic facts were sufficient, with *Bowles, supra,* where they were not.

It was error to admit the evidence over Carson's objection. Reversed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 326 N.E.2d 624.