**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**William Thomas MOONEY and Roger Wayne Ebel, Appellees (Defendants Below).**

No. 2–375A68.

Court of Appeals of Indiana, Fourth District.

Dec. 27, 1979.

missing and the name "Mooney" printed on the side of the tractor. Two men were involved, one possibly driving a lead car. No description of the men was given.

On June 30, 1973 a vehicle partially matching this description was seen in the Wabash area. The trailer was aluminum with Florida plates. The tractor was orange but the grill was complete and it had "Avis" written on it. The police observed the vehicle for nearly two hours before stopping it for driving without its lights on. Upon learning through a license inspection the driver's name was Mooney the officers ordered both defendants out of the vehicle. They arrested Mooney for driving without headlights. A search of the trailer ensued, whereupon the marijuana was found.

At the suppression hearing the officers testified the decision to search the truck was made prior to the headlight violation. They based their actions on the information received from Georgia. There were no facts adduced at the hearing to substantiate the reliability of or the basis for the information contained in the dispatch.

Theo. L. Sendak, Atty. Gen., Robert S. Spear, Deputy Atty. Gen., Indianapolis, for appellant.

MILLER, Presiding Judge.

The State brings this appeal pursuant to Ind.Code 35–1–43–2 on a reserved question of law concerning the granting of defendants' Motion to Suppress Evidence obtained during a warrantless search of their vehicle. The trial court found insufficient evidence to establish probable cause to search the vehicle. The defendants were acquitted.

We find the trial court correctly suppressed the evidence.

On June 28, 1973 the Indiana State Police received a teletype message from the State of Georgia, based on a communication from unnamed sources in Florida, reporting that a semi-trailer carrying large quantities of marijuana was enroute to the Wabash, Indiana vicinity. The message described the vehicle as an orange tractor pulling an aluminum trailer, both bearing Florida license plates with part of the tractor's front grill

■ We are not here presented with the propriety of the officers stopping the vehicle but, rather, with the propriety of the warrantless search of the vehicle. As a warrantless search the State must fit the actions within one of the exceptions of the warrant requirement or demonstrate the existence of probable cause. *Cooper v. State* (1976), Ind.App., 357 N.E.2d 260. Here the State has chosen in its appellate brief to pursue the latter course.

■ The facts necessary to demonstrate the existence of probable cause as to a warrantless search are not materially different from those which would authorize the issuance of a warrant if presented to a magistrate. *Whiteley v. Warden* (1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; *Chambers v. Maroney* (1978), 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. The existence of probable cause at the time of the search rests on the information contained in the dispatch from Georgia and the circumstances present at the time of the search.

It is well established in Indiana that the knowledge of the entire police force may be imputed to an arresting or searching officer. *Clark v. State* (1977), Ind.App., 358 N.E.2d 761, and cases cited therein.

Nevertheless, "an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest." *Whiteley v. Warden, supra.* Thus, if it is to serve as justification for a warrantless arrest, the information within one police department must be "reasonably trustworthy" and meet the tests of *Beck v. Ohio* [(1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142], and *Aguilar v. Texas* (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

*Francis v. State* (1974), 161 Ind.App. 371, 316 N.E.2d 416, 418.

In the instant case the officers received certain information through police channels. However, the record does not indicate any information to support the reliability of the information contained in the dispatch. It can at best be treated as an anonymous "tip". As such, without further evidence, it is insufficient to support a finding of probable cause.

The dispatch from sheriff's headquarters to the patrolman was apparently based on information or a "tip" received from some third source. Probable cause in such instances may be established by showing the previously determined reliability of the informant or by the verification of extrinsic facts which import reliability to the tip sufficient to render reasonable the conclusion of the tipster. *Carson v. State*, (1975) 164 Ind.App. 24, 326 N.E.2d 624.

*Cato v. State* (1979), Ind.App., 389 N.E.2d 332, 335.

The tip in the instant case, falling short of requirements set forth in *Aguilar v. Texas* (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, is not saved by sufficient corroborating facts gathered by the investigating officers. The only facts which corroborated the conclusory dispatch were (1) the trailer fit the description, (2) it had Florida plates, (3) the driver's name was "Mooney", (4) he was traveling along the reported destination route, and (5) he was driving without headlights. This only proves that a vehicle partially fitting the description was proceeding in the direction described by the dispatch and driven by a person by the same name as was to have been printed on the side of the described vehicle. This situation falls in the purview of the language in *Bowles v. State* (1971), 256 Ind. 27, 267 N.E.2d 56, 58.

From the record all that is shown is that the officer was told appellant would be in a certain area at a certain time and would be carrying narcotics. Such a "tip" might well have been telephoned in regarding one of the police officers who made the arrest of appellant. An "informer" knowing the officer's work habits could call in and indicate that the officer would be in front of a certain building at an approximate time. Certainly this might be true. But the mere fact that this might be the case, without more, hardly supports an intrusion into the officer's personal security.

Where, as here, the record is devoid of evidence or implication from which the trial judge could have determined or inferred that the original source of the dispatch had probable cause to believe the facts and conclusions therein, an evidentiary gap exists which is fatal to the validity of the search. *Beck v. Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; *Whiteley v. Warden, supra.*

The ruling of the trial court was correct.

CHIPMAN and YOUNG, JJ., concur.