George COCHRAN and Charles C. Cochran, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–581A175.

Court of Appeals of Indiana, First District.

Dec. 31, 1981.

Tommy L. Strunk, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

George Cochran and Charles C. Cochran (Cochrans) appeal their convictions for theft, a class D felony as defined by *Ind. Code* 35–43–4–2. The defendants were convicted for exercising unauthorized control over lumber, which was taken from Quality Home Builders, Inc. in White River Township, Johnson County.

We reverse the trial court decisions because illegally seized evidence, lumber taken from the Cochrans' truck, was improperly admitted at trial.

The facts most favorable to the state reveal that Deputy Thomas Ashley of the Johnson County Sheriff's Department was patrolling White River Township at approximately 4:00 A.M. on June 17, 1979. Deputy Ashley saw a vehicle near a construction site in the Windsong subdivision, which is located along Smith Valley Road. This addition was not lighted and the vehicle was approximately 1500 feet from the deputy. He could see that it was a pick-up truck and from the tail light arrangement, he thought it was a Chevrolet. He could not see the color of the truck or its license plate.

This subdivision and other subdivisions in the area had been subjected to a number of lumber thefts prior to this time. As a result, the Johnson County Sheriff had issued orders to his deputies that they were to stop any trucks hauling lumber late at night or in the early morning. If the occupants of such vehicles could not produce a bill of sale, the deputies were to confiscate the lumber and hold it until ownership could be verified.

Given this background, Deputy Ashley drove to an intersection approximately one mile from the Windsong addition, where he hoped to intercept the truck he had seen. He encountered the Cochrans, who were driving a Chevrolet pick-up truck heavily loaded with lumber. The Cochrans drove through the intersection and either ran a red traffic light or at least were in the middle of the intersection when the light changed. Deputy Ashley followed the Cochrans for a short distance and then stopped their truck.

The deputy questioned the Cochrans and determined that the truck belonged to George Cochran. He also requested a bill of sale for the lumber, but none was produced. The Cochrans offered the explanation that they had purchased the lumber in Kentucky. Pursuant to the Sheriff's orders, Deputy Ashley confiscated the lumber.

Deputy Ashley testified that he had no knowledge of any particular crime involving the Cochrans prior to stopping them. Neither did he have any knowledge of a crime involving a truck matching their truck's description. He explained that he stopped the Cochrans mainly to investigate the lumber and also to question them about the possible traffic signal violation. Quality Home Builders, Inc. reported a lumber theft on June 18, 1979, at 8:00 A.M. The lumber was taken from a site about three and one half miles from the Windsong addition. The quantity and types of lumber taken matched the lumber seized from the Cochrans.

These facts did not give the deputy a sufficient basis to seize the lumber. The deputy did have probable cause to stop the Cochrans because of the potential traffic violation which was committed in his presence. Thus, he was in a lawful position when he viewed the lumber. Indeed, the lumber was apparently in full view as he followed the Cochrans' truck. The State argues that the seizure of the lumber was justified under either the "plain view doctrine" or because exigent circumstances existed since an automobile was involved. However, the State has misconstrued both the plain view doctrine and the application of probable cause to warrantless searches of automobiles in its attempt to justify the seizure of lumber.

The plain view doctrine essentially covers situations where a police officer is in a legal position in relation to a defendant and the defendant's property. From his legal vantage point, the officer views property which is either contraband or evidence of a crime. It is then constitutionally permissible for the officer to seize the sighted property without a warrant. Such a seizure is not a "search" within the meaning of the Fourth Amendment. *E.g. Alcorn v. State*, (1970) 255 Ind. 491, 265 N.E.2d 413. However, an officer must have probable cause to believe that the property to be seized is connected to criminal activity. Such was the case in *Alcorn, supra. See also, Candler v. State*, (1977) 266 Ind. 440, 363 N.E.2d 1233.

Likewise, it is necessary for an officer to have probable cause before he can make a warrantless search of an automobile. The recognition that an automobile is readily movable and that evidence contained in an automobile can easily be moved or destroyed presumptively gives rise to "exigent circumstances" which justify a warrantless search. *E.g. Rogers v. State*, (1979) Ind., 396 N.E.2d 348. However, although exigent circumstances justify dispensing with a warrant, they clearly do not eliminate the need for probable cause to conduct a search. *State v. Mooney*, (1979) Ind.App., 398 N.E.2d 698.

The issue of what justifies the seizure of property was discussed in *Maryland Penitentiary v. Hayden*, (1967) 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782:

> There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior.

387 U.S. at 307, 87 S.Ct. at 1650.

In the case at bar, the deputy repeatedly testified that he had no prior knowledge of a reported crime involving the Cochrans or of a particular lumber theft involving the type and quantity of lumber seized. There was nothing about the lumber which inherently indicated it was the fruit of criminal activity and the lumber was clearly not contraband, such as a controlled substance. The Sheriff's Department did not become aware of the crime until after the lumber was confiscated. Thus, given the facts and circumstances within the deputy's knowledge, he had a basis for no more than a mere suspicion that criminal activity had taken place. He did not have sufficient information to constitute probable cause to seize the lumber. *E.g. Taylor v. State*, (1980) Ind., 406 N.E.2d 247; *Bottoms v. B & M Coal Corp.*, (1980) Ind.App., 405 N.E.2d 82. (both cases discuss what constitutes probable cause). Therefore, the lumber should have been excluded as illegally seized evidence.

The judgment of the court below is reversed.

NEAL, P. J., and RATLIFF, J., concur.