Mack C. MOODY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1082S390.

Supreme Court of Indiana.

May 9, 1983.

Ronald K. Smith, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged with Infliction of Injury While Attempting to Commit Robbery. He was tried before a jury and found guilty. He was sentenced to a forty year term of imprisonment.

The facts are as follows. On December 26, 1981, at around 5:00 P.M. appellant entered Mac's Furniture Store in Muncie. He was waited on by the store's owner, Howard McCormick, and inquired about the purchase of some bedroom furniture. The two discussed the prospective purchase for a few minutes. At the conclusion of this discussion McCormick and appellant were walking back to the front of the store, McCormick being in front of appellant. When McCormick was about ten feet from the front door, appellant pulled a handgun and demanded McCormick's wallet and money. When McCormick said he had no money in his wallet, appellant walked past him to the front door, turned around, and fired a single shot at McCormick. The bullet grazed McCormick's head. Appellant then left the store. A bullet was later found imbedded in a sofa in the store. Ballistics tests conducted on the bullet showed it was fired from a gun found under the front seat of a car from which appellant was arrested later that evening.

Appellant claims the trial court erred in denying his Motion to Dismiss the charge. He claims the information lacked sufficient

specificity to inform him of the charge against him. I.C. § 35–3.1–1–2 [Burns 1979 Repl.] reads:

"(a) The indictment or information shall be in writing and allege the commission of an offense by:

\* \* \* \* \* \*

"(4) Setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition . . . .

\* \* \* \* \* \*

"(d) The indictment or information shall be a plain, concise, and definite statement of the essential facts constituting the offense charged. *Id.*"

The body of the information reads:

"[Appellant] on or about the 26th day of December 1981 . . . did . . . with intent to commit robbery, engage in conduct constituting a substantial step toward the commission of the crime of robbery, to-wit: demand money from the person of Howard W. McCormick . . . while armed with a deadly weapon, to-wit: a firearm, which resulted in serious bodily injury to said Howard W. McCormick . . . ."

■ Appellant claims the information fails to disclose either the bodily injury suffered by McCormick or the specific conduct on appellant's part that led to the injury.

In *Trotter v. State,* (1981) Ind., 429 N.E.2d 637, 640, we stated:

"The purpose of an indictment or information is first to inform the court of the facts alleged, so that it may decide whether or not they are sufficient in law to support a conviction, and second, to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail of his conviction or acquittal for protection against further prosecution for the same offense."

*See also, Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686.

We do not see what would have been served by burdening the information with additional facts describing the injury in-flicted or how it was inflicted. The charging instrument informed appellant of the statutory offense with which he was charged, the time and the place of the commission of the offense, the identity of the victim of the crime, and the type of weapon he used. We hold the information was drafted with sufficient specificity to inform appellant of the nature of the charge against him.

■ Appellant claims the trial court erred in overruling his Motion to Suppress Evidence and in overruling his in trial objection to the admission of that evidence. The evidence in question is a handgun shown to have been found under the front seat of the car from which appellant was arrested at around 7:00 P.M. on the night of the crime.

At the hearing on the Motion to Suppress, Trooper David Ruegsegger of the Indiana State Police testified he and Tropper Louis Stough were working the 3:00 P.M. to midnight shift in the Muncie area on December 26, 1981. He testified they heard a dispatch broadcast over channel three of the "scanner" carried in their car. This dispatch described the car and stated the occupants were suspected of a robbery that had occurred earlier that evening. The dispatcher identified himself as being the dispatcher for the Muncie Police Department. Ruegsegger testified he and Stough spotted the car described, stopped it, ordered both occupants from the car, and while he patted them down Stough searched the car and found the gun under the front seat. Appellant's claim is the search was in contravention of the Fourth Amendment to the United States Constitution, and therefore pursuant to *Mapp v. Ohio,* (1961) 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, the evidence procured in the search should have been excluded at his trial.

Where the defendant alleges a warrantless search was "unreasonable" within the meaning of the Fourth Amendment, the State bears the burden of showing the search falls within one of the exceptions to

the warrant requirement. *Chimel v. California,* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; *Lance v. State,* (1981) Ind., 425 N.E.2d 77.

One exception to the warrant requirement is found in cases applying the so-called "auto exception" to warrantless searches of automobiles. The "auto exception" authorizes the warrantless search of an automobile where the searching officers have probable cause to believe the automobile contains the fruits or instrumentalities of a crime. *See, e.g., Chambers v. Maroney,* (1970) 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Fyock v. State,* (1982) Ind., 436 N.E.2d 1089.

In the case at bar the automobile exception applies. Here the arresting officers had received information via police radio dispatch that an armed robbery had occurred. The dispatch contained a description of the car and the robbers. The car stopped by the troopers and the men they removed from it matched these descriptions. The troopers spotted the car only twenty minutes after receiving the message.

The officers had sufficient knowledge of facts to warrant a reasonable belief the fruits and instrumentalities of the crime were concealed in the car.

Appellant challenges the sufficiency of the showing of probable cause on the theory there was no showing of the reliability of the informant that had supplied the information as to the fact of a robbery actually having been committed. He cites *State v. Mooney,* (1979) Ind.App., 398 N.E.2d 698, in support of his argument. In that case the Court of Appeals held police lacked probable cause for a warrantless search of a vehicle when their justification for the search was a teletype dispatch from the Georgia State Police stating the vehicle was carrying a large quantity of marijuana. The Court focused on the fact the teletype dispatch from Georgia to Indiana, though clearly emanating from the Georgia State Police, contained no information as to the source of the Georgia authorities' information other than that unnamed sources in Florida had provided them with the information. The Court concluded the teletype dispatch was thus no more than an anonymous tip from an informant of unproven reliability and therefore could not support a finding of probable cause on the part of the searching police officers.

Appellant contends in this case, since the testimony at the suppression hearing produced no evidence as to the source of the dispatcher's information about the robbery, Troopers Ruegsegger and Stough had no reliable information on which to premise a probable cause belief that the car contained fruits or instrumentalities of a crime.

■ We find the Court of Appeals' decision in the *Mooney* case is incorrect. Where police officers in the street act in good faith reliance on a dispatch from their own or another police agency that a crime has been committed, there is no need to show the source of the dispatcher's information or the reliability of the dispatcher's informant. *See, Benton v. State,* (1980) Ind., 401 N.E.2d 697; *Clark v. State,* (1977) 171 Ind.App. 658, 358 N.E.2d 761. It is ludicrous to assert the police officer on the street must be provided with some assurance the dispatcher at the police station has not merely fabricated tales about a crime that was, in fact, never committed and a description of suspects that do not exist. *State v. Mooney, supra,* is hereby overruled on this point.

■ It is also to be noted the robbery about which the information was broadcast by the police dispatcher was apparently not the same one with which appellant was charged. However, the facts and circumstances of which the arresting officer has knowledge that give him probable cause to believe a crime has been committed, need not be the same crime with which the defendant is ultimately charged. *See, e.g., Fyock, supra; Clark, supra.*

We hold the warrantless search of the car from which appellant was arrested was reasonable within the meaning of the Fourth Amendment. There was no error in overruling appellant's Motion to Suppress Evidence and in admitting the gun found in the search into evidence at appellant's trial.

Appellant claims the trial court erred in admitting testimony by Trooper Louis Stough. Stough testified on direct examination that a day or two after the crime, while Howard McCormick was hospitalized in Indianapolis, he and Trooper Ruegsegger showed him a photographic array of seven black males and asked if he recognized any of the pictures. McCormick selected a particular one as a photograph of the robber. Interestingly, we note at no point in the trial did the State adduce testimony to show the photograph selected was in fact a photograph of appellant. However, the photograph is of good quality and we will assume it could readily be identified as a photograph of appellant.

Appellant's objection to the admission of this testimony from Stough is that the testimony is hearsay. Hearsay is defined as "testimony of a witness in court relative to an extrajudicial declaration by another which is offered to prove the truth of the facts asserted by the declarant." *Roberts v. State,* (1978) 268 Ind. 348, 353, 375 N.E.2d 215, 219. Appellant contends since Stough's testimony went to an out of court statement by another (McCormick), and since it was offered for its own inherent truth (that the photograph of appellant was a photograph of the perpetrator of the crime), it fits within the classic hearsay definition and should have been excluded. He cites us to *Easton v. State,* (1972) 258 Ind. 204, 280 N.E.2d 307, as a case on point.

In *Easton,* as here, a police officer testified as to the substance of a declarant's description of a suspected burglar, the description matching the defendant's appearance. The out of court statement had been made directly to the officer testifying as a witness. Though holding it to have been harmless error, we agreed it was indeed hearsay. In light of the *Easton* case, the standard definition of hearsay, and the manner in which this testimony was taken, we conclude Stough's testimony was hearsay.

However, the erroneous admission of evidence does not require reversal if other evidence having the same probative value is admitted without objection or contradiction. *Funk v. State,* (1981) Ind., 427 N.E.2d 1081; *Jackson v. State,* (1980) Ind., 402 N.E.2d 947. During direct examination, McCormick unequivocally identified appellant as the man who tried to rob him. Thus, the erroneous admission of Stough's testimony, which had the effect of identifying appellant as the perpetrator of the offense, is rendered harmless by the proper admission of this unrefuted identification testimony. We hold there was no reversible error committed with regard to this issue.

Appellant claims the trial court erred in admitting testimony from James Fazio, a firearms technician employed by the Indiana State Police. Fazio testified he performed a ballistics test on a bullet that showed it was fired from the same handgun that was found in the search of the car in which appellant was riding when he was arrested. First appellant objects to Fazio's testimony on grounds he was not sufficiently qualified as an expert witness to testify regarding ballistics test results.

The record shows Fazio testified that he received ballistics training from both the Indiana and Wisconsin state police and also from seven different manufacturers and sellers of firearms and ammunition. An expert witness is one who by reason of education or special experience has knowledge respecting a subject matter about which persons having no particular training are incapable of forming an accurate opinion or making a correct deduction. *Balfour v. State,* (1981) Ind., 427 N.E.2d 1091. A trial court's ruling that a witness is qualified to testify as an expert is reviewable only for abuse of discretion. *Epps v. State,* (1977) 267 Ind. 177, 369 N.E.2d 404. There was no abuse of discretion in permitting Fazio to testify as an expert.

Appellant also claims the proper chain of custody was not established to permit the admission of the spent bullet.

Dennis McCormick, Howard McCormick's son, testified he found a bullet imbedded in a sofa about two weeks after the crime was committed. He further testi-

fied he removed the bullet from the sofa and on January 7, 1982, gave it to an Indiana State Trooper. Trooper Stough testified that on that date he went to the store, took a bullet given to him by Dennis McCormick, and put the bullet into an evidence box. He testified he marked the box with his "P number" and initials and transported the box with the bullet inside to the State Police Post at Redkey, where he gave it to Technician Larry Pritchard. At trial Stough identified the bullet as the one he was given by Dennis McCormick. Technician Pritchard identified the box as the one brought to Redkey by Stough, and further testified as to his handling of it including that he marked the bullet, sealed the box in a bag and delivered it to a Fort Wayne laboratory for testing, and that after the testing he picked the box up and returned it to Redkey. Fazio testified he took the same sealed bag and tested the bullet and concluded the bullet was fired from the same gun as was recovered from under the front seat of the car from which appellant was arrested.

The showing as to a proper chain of custody is only that reasonable assurance be provided that the exhibit has passed through various hands in an undisturbed condition. *Holt v. State,* (1980) Ind., 400 N.E.2d 130. All possibilities of tampering need not be excluded. *Id.* The proper showing of a chain of custody for the exhibit was made. We hold there was no error in admitting the exhibit into evidence.

Appellant claims the forty year sentence he received was an erroneously imposed enhanced sentence. He argues the trial court's statement identifying the particular "aggravating circumstances" justifying an enhanced sentence was inadequate.

We were originally compelled to agree with appellant in this regard. *See, McNew v. State,* (1979) Ind., 391 N.E.2d 607. Accordingly, we ordered the trial court in this case to comply with the requirements of *Page v. State,* (1981) Ind., 424 N.E.2d 1021, in that he specifically identify the prior criminal activity believed to factually support the finding of a history of such activity.

The trial court responded with a certified *nunc pro tunc* entry identifying specifically the prior criminal activity on appellant's part as a 1975 robbery conviction. Also, the trial judge recited the fact the injury to Howard McCormick as an aggravating circumstance justified the sentence enhancement. In *Bish v. State,* (1981) Ind., 421 N.E.2d 608, we held consideration of the physical condition of the victim of the crime as caused by the perpetrator is a proper factor to consider as an aggravating circumstance.

The trial court's response brings the sentencing procedure into compliance with the guidelines established for enhancement of sentence under I.C. § 35–50–1A–7 and the relevant statutes regarding presumptive penalties for the varying classes of offenses. There is no error in regard to the sentencing of appellant.

The trial court is in all things affirmed.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.

PRENTICE, J., dissents.