**Edward RUSSELL, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 783S273.**

Supreme Court of Indiana.

July 29, 1985.

Bruce E. Sayers, Gregory A. Sobkowski, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Criminal Deviate Conduct, a Class A felony. He was sentenced by the court to a twenty (20) year term of imprisonment.

The facts are: On June 17, 1982, the victim, L.J., accepted a ride in a car with appellant and Anthony Armstead. The two men were to take her to her residence in Gary, Indiana. The vehicle belonged to Blaine Gray, an acquaintance of appellant's. They made several stops before arriving at the home of Zadie Gray, Blaine's mother, where the deviate sexual acts occurred.

One of the stops was at a vacant house. A knife was produced and shown to L.J. by appellant, then held up to L.J.'s neck by Armstead. Appellant and Armstead gained entrance to the house from the rear. Once inside Armstead told L.J. to take off her clothes. Appellant then heard a car in the front of the house and suggested they leave the premises. L.J. dressed and they returned to the car.

Upon arriving at the Gray residence, appellant and Armstead took L.J. to a room in the basement. There the two men compelled L.J. to engage in acts of fellatio and anal intercourse. They then took her upstairs and transported her to her cousin's apartment. When she got inside the apartment L.J. immediately called her mother, who took her to the hospital for an examination.

Appellant alleges there is insufficient evidence to support the conviction. He does not deny activity constituting deviate sexual conduct occurred. Appellant does argue, however, that the evidence is insufficient to establish either that the victim was compelled by force or imminent threat of force to engage in such conduct or that the offense was committed by using or threatening the use of deadly force or while armed with a deadly weapon.

The applicable statute provides:

"(a) A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:

(1) the other person is compelled by force or imminent threat of force;

(2) the other person is unaware that the conduct is occurring; or

(3) the other person is so mentally disabled or deficient that consent to the conduct cannot be given;

commits criminal deviate conduct, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon." Ind.Code § 35–42–4–2 (West 1978).

■ L.J. testified that she did not consent to the acts and engaged in them out of fear. She testified that upon arriving at

the vacant house appellant made sexual advances and Armstead threatened her while holding a knife to her neck. L.J. further testified that she was struck twice across the mouth and that threats were made that she and members of her family would be harmed if she did not cooperate. There was sufficient evidence to support the conclusion that the victim was compelled by force or the imminent threat of force.

■ Appellant also alleges there is no indication of the presence of a deadly weapon, i.e., the knife, in the basement room where the acts occurred. While he concedes that to sustain a conviction for deviate sexual conduct as a Class A felony it is not necessary that the weapon be held on the victim at all times, *Taylor v. State* (1982), Ind., 438 N.E.2d 294 and *Dean v. State* (1980), 272 Ind. 446, 398 N.E.2d 1270, appellant contends this case is distinguishable because the knife was produced at a remote point in time.

■ We cannot agree. L.J. was with the two men continuously from the time they left the vacant house, where she was threatened with a deadly weapon. The fact that the acts occurred at a later point in time is of no consequence. Even though it was not established that the knife was present in the basement room, the jury could infer from L.J.'s testimony that appellant and Armstead still had control of the knife. *See Taylor, supra.* We find there was sufficient evidence to support the conviction of the Class A felony.

Appellant contends the trial court erred in overruling his oral motion in limine and in admitting into evidence over his objection both the testimony of Blaine Gray regarding a knife he owned and a picture of the knife drawn by Gray. He argues that because Gray did not state that the knife was in his car the night of the alleged offense the evidence was irrelevant and highly prejudicial.

The State, citing *Raspberry v. State* (1981), 275 Ind. 504, 417 N.E.2d 913, contends this allegation of error, as well as appellant's remaining allegations of error, have been waived because the errors were not alleged with the requisite specificity in appellant's motion to correct error. The State also points out that the court instructed appellant regarding the insufficiency of the specification of error and afforded him an opportunity to amend the motion.

In his reply brief appellant states his trial counsel withdrew at the hearing on his motion to correct error and that he was therefore without counsel to amend the motion. The record reveals that at the hearing counsel informed the court that he would not be pursuing the appeal due to appellant's lack of funds. While it is not clear from the record or the reply brief exactly why trial counsel did not amend the motion to correct error, we will nevertheless address the alleged errors as if properly preserved.

■ In a criminal proceeding the trial court has wide discretion in ruling on the relevancy of evidence. *Pearson v. State* (1982), Ind., 441 N.E.2d 468; *Turpin v. State* (1980), 272 Ind. 629, 400 N.E.2d 1119. "Evidence is relevant if it has a logical tendency to prove or disprove a material fact." *Leavell v. State* (1983), 455 N.E.2d 1110, 1114.

■ We cannot agree with appellant that the evidence did not tend to establish or explain any material facts due to Gray's inability to establish that the knife was in the car. Gray's testimony was relevant to the question of whether a deadly weapon was used in the commission of the crime. Appellant and the victim were in a vehicle owned by Gray. L.J.'s testimony included a description of the knife she said was used to threaten her.

The fact that the connection with the defendant is inconclusive affects the weight of such evidence but does not render it inadmissible. *Johnson v. State* (1980), 272 Ind. 547, 400 N.E.2d 132; *Carman v. State* (1979), 272 Ind. 76, 396 N.E.2d 344. Accordingly, we find no error in the court's overruling of the oral motion

in limine and admitting of the testimony and the drawing into evidence.

Appellant alleges error in the overruling of another oral motion in limine and the admission over his objection of testimony by a police officer regarding statements made to her by the owner of the vacant house. Appellant argues that the statements of the owner of the house, who did not testify, were hearsay and therefore inadmissible.

The investigating officer, Michele Myles, testified that she had learned from the owner of the house that a window in the back had been broken. Myles then related the details of that conversation.

Appellant is correct in asserting that Myles' testimony regarding the substance of her conversation with the owner of the vacant house constituted hearsay. *Moody v. State* (1983), Ind., 448 N.E.2d 660. The testimony as to the substance of Myles' conversation with the owner of the house was erroneously admitted; however, the erroneous admission of such evidence does not require reversal if competent evidence on the same subject is admitted without objection or contradiction. *Id.* L.J. testified that when the two men took her to the rear of the vacant house a window was broken before they entered. The subsequent admission of the hearsay evidence is rendered harmless by the admission of L.J.'s testimony.

Appellant's final contention is that even if this Court determines that his second and third allegations of error are deemed to be harmless, the cumulative effect of the alleged errors is so prejudicial as to require reversal.

Admission of the evidence regarding the knife was in fact proper. Harmless error did occur in the admission of the hearsay testimony, but is not itself sufficient to warrant reversal. Consequently, we reject appellant's contention that the cumulative effect of the alleged errors denied him due process of law.

The trial court is in all things affirmed.

All Justices concur except HUNTER, J., not participating.