John D. FOSTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 68S00–8609–CR–809.

Supreme Court of Indiana.

Aug. 3, 1988.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Child Molesting, a Class C felony, for which he received a sentence of eight (8) years, enhanced by thirty (30) years by reason of his status as an habitual offender, and two counts of Battery, a Class A misdemeanor, for which he received a one (1) year sentence on each count, all terms to be served consecutively.

The facts are: The victim in this case is the daughter of appellant. On August 2, 1985, the victim was 12–years–old. On that date, she accompanied her father as he drove around the community. They drove to Muncie and had breakfast. Following breakfast, they stopped at a liquor store where appellant bought a bottle of vodka for himself and a coke for the victim. Appellant began drinking the vodka as they continued to drive around listening to the radio.

Appellant eventually drove to an isolated area along the Mississinewa River where he parked and told the victim to get out of the car. They walked down a path to the river where appellant made the victim drink the last two swallows of vodka. He then made the victim raise her shirt and pull down her jeans and told her to "show me what you got." The victim testified she complied because appellant threatened to whip her if she did not. Appellant then told the victim to take off her clothes and go for a swim. Appellant took off his clothes and went into the river. The victim removed her clothing and went a short distance into the water. She stated she sat in the river and covered herself with her arms.

A short time later the victim attempted to put her clothing back on, but appellant came out of the water and told her not to put her clothes back on and to just lay down and get a tan. Appellant lay down on the river bank and told the victim to come to him. He then forced the victim to commit fellatio. Appellant stuck his finger in the victim's anus causing her to scream from pain. He struck the victim in the left eye, in the nose, and on the left side of the face. A final blow struck her in the mouth causing the victim to fall into the water. He ordered her to wash off in the water, and while she was doing this he threw her bra and panties into the river. Appellant then lay down on the river bank and proceeded to go to sleep. While he was sleeping the victim put her clothing back on but was unable to climb the steep bank from the water's edge.

At that time, conservation officer Richard Garringer, who was patrolling the area at the time, saw the victim and heard her crying. When he came to her rescue, she told him what had happened, then he saw appellant lying asleep on the river bank. He took the victim to his car and called for assistance. State Police Troopers Akers, Hart, Laux, Kizer, and Specialist Johnson responded to Officer Garringer's call for assistance. As the officers stood at the top of the embankment, they saw appellant lying naked by the river. Troopers Akers and Hart went down to the bank to appellant and awakened him by calling his name and shaking him. When appellant awoke, they advised him he was under arrest for public indecency and public intoxication.

Appellant began to swing and kick at the officers. Even after being handcuffed he continued to struggle. He kicked Akers in the inner part of his right thigh and crotch. He kicked Laux in the right thigh. David Lloyd, a forensic field technician, gathered evidence at the scene which included photographing the victim's injuries—a bruised left eye, a laceration on the lip, a bruise on the knee, and scratches and abrasions on the buttocks. Lloyd also swabbed the victim's mouth and transferred the swabs to the lab. Paul Meisner, a forensic serologist, determined that stains obtained at the scene were human blood and swabs from the victim's mouth contained a protein found only in semen.

Appellant testified that after swimming in the buff he passed out on the river bank, that he awakened to find the victim performing fellatio on him, and that he slapped her and passed out again. He claimed that the victim had caused trouble in his home, and he had punished her which made her cold and angry.

■ Appellant contends the trial court's finding that he was an habitual offender is erroneous. He claims the habitual offender allegation must contain all of the procedural matters and safeguards of the original and underlying charges, citing *Griffin v. State* (1982), Ind., 439 N.E.2d 160. However, there is nothing in this record to indicate that appellant challenged the habitual offender allegation at the time it was filed. The sufficiency of an information must be challenged by motion to dismiss no later than twenty (20) days prior to the omnibus date. Ind.Code § 35–34–1–4(b)(1).

■ If this procedure is not followed, any error in regard to defects in the information is waived. *Carter v. State* (1984), Ind., 467 N.E.2d 694. However, appellant claims the defect in the allegation as an habitual offender should be considered as fundamental error. However, he has failed to show that there was any impediment to his preparation of his defense nor has he demonstrated any other harm suffered by reason of any inadequacies in the allegation that he was an habitual offender. Under such circumstances, we cannot say that there is fundamental error. *Perry v. State* (1984), Ind., 471 N.E.2d 270.

■ Appellant further alleges that he was not formally arraigned on the habitual offender charge. It is true that it is appropriate procedure to conduct an arraignment on an habitual offender charge. However, failure to conduct such an arraignment does not present grounds for reversal in the absence of prejudice. *Shelton v. State* (1986), Ind., 490 N.E.2d 738. The habitual offender allegation was filed on September 24, 1985. Trial was begun on March 3, 1986, thus there is no showing the time for preparation was a factor nor did appellant make any objection to the situation during that entire period. We find no reversible error in the procedures leading to the conviction of appellant as an habitual offender.

■ Appellant claims he was denied a fair trial due to the conduct of the trial judge during *voir dire* examination. Specifically, he points to the questioning of prospective juror Nancy Baker who claimed that when she heard the charge of child molesting she was automatically prejudiced against appellant, and she had made up her mind that he was guilty. The judge questioned her concerning how she arrived at such an early opinion as to appellant's guilt and stated that if that were her opinion she was not fit to sit on the jury.

It is appellant's contention that the tone of voice used by the trial judge and his antagonistic attitude had a chilling effect on the prospective jurors, and following the judge's outburst no other juror claimed to have formed a prior opinion. Appellant supports this position by the affidavit of one of the prospective jurors, one Walter A. Hap. Hap had been disqualified as a juror by reason of his business relationship with the defense attorneys. In his affidavit, Hap stated that the conduct of the judge was such as to have a chilling effect on the remaining members of the panel.

The transcript of the *voir dire* of the jury was not included in the original transcript. However, appellant petitioned this Court for a writ of certiorari to bring up the transcript of the *voir dire*, and his petition was granted. Though no written transcript was furnished, the tapes were brought to this Court pursuant to the writ of certiorari. We have listened to those tapes and find that they totally fail to carry out appellant's allegations in this regard nor do they support the affidavit of Hap.

The trial judge maintained a courteous demeanor throughout. His attitude toward Mrs. Baker was that of courteous inquiry concerning her preconceived opinion. The trial judge's attitude was properly protective to appellant in that Mrs. Baker had stated that she was prejudiced against appellant. The judge was entirely correct in his observation that under those circumstances she was not fit to sit on the jury.

It would have been a gross miscarriage of justice to appellant to allow her to do so. We not only find that appellant's allegations are wholly without merit, we find the trial judge's conduct was exemplary in the protection of appellant's constitutional right to a fair trial.

■ Appellant claims the trial court erred in permitting him to be impeached with his prior convictions for assault and battery with intent to commit rape. He cites *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210 for the proposition that only certain crimes may be used to impeach a witness and claims that rape is not one of those crimes. However, in *Daniels v. State* (1980), 274 Ind. 29, 408 N.E.2d 1244, this Court held that a prior conviction for rape was properly admitted as evidence impeaching the defendant's credibility. In *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, this Court held that a rape conviction which had occurred twenty-two (22) years previously was properly used to show the defendant's propensity for sexual aggression toward women. The trial court did not err in permitting the cross-examination of appellant as to his prior convictions.

■ Appellant claims the trial court erred in overruling his offer to prove made during his cross-examination of the victim. During cross-examination, appellant tried to question the victim concerning her prior sexual activities. It is his position that he should be allowed to so question the victim because of his claim that she attempted to perform fellatio upon him while he was asleep. He claims he should be allowed to show that she had a propensity for such activity. The trial judge correctly ruled that the victim was protected under the Rape Shield Statute, Ind.Code § 35–37–4–4. The express purpose of the statute is to shield the victim of a rape or sexual molestation from such inquiry. *Thomas v. State* (1984), Ind., 471 N.E.2d 681. The trial court did not err in refusing to permit appellant to pursue this line of cross-examination.

The trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, C.J., concurs in result without separate opinion.

DICKSON, J., dissents without separate opinion.