**David ZAVESKY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45A03–9004–CR–134.**

Court of Appeals of Indiana, Third District.

Sept. 4, 1990.

Marce Gonzalez, Jr., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant David Zavesky appeals a bench trial conviction for burglary, a Class B felony, and an habitual offender determination. Appellant raises four issues for review which this Court restates as three:

(1) whether the trial court erred in denying appellant's motion for change of judge;

(2) whether the habitual offender determination must be vacated due to deficiencies in the charging information; and

(3) whether the search of appellant's vehicle was "reasonable" within the meaning of the Fourth Amendment.

The facts relevant to the appeal show that at approximately 5:00 A.M. on May 2, 1988, Marilyn Strong was awakened by the sound of an engine running outside her home in Munster, Indiana. Mrs. Strong observed a dark red van in the driveway of her home then awakened her husband, Kenneth, who also observed the van. When the van drove away, Mr. Strong went outside and discovered that the overhead garage door was open. He then went inside the house and discovered that a Syl-

vania television set and an antique slot machine were missing from the family room. Mrs. Strong phoned the police at that point and gave a description of the van and missing items.

Sergeant Nick Panich of the Munster Police Department was filling his squad car with gasoline at approximately 5:05 A.M. when he received a radio broadcast of the burglary with a description of the van. Shortly before the broadcast, Sergeant Panich had observed a van matching the description traveling at an excessive rate of speed toward Lansing, Illinois. Panich advised the police dispatcher of his observation, and the dispatcher notified the Lansing Police Department.

At 5:07 A.M., Officer Russell Oberman of the Lansing Police Department observed a van matching the description and followed it to the driveway of 18277 Roy Street in Lansing. Appellant exited the van at that point and walked quickly toward Officer Oberman with a pair of brown cotton work gloves in his hands. When Oberman requested identification, appellant produced an Indiana driver's license with a Hammond address. Douglas Simpson, a Munster police officer, and two Lansing police officers then arrived at the scene, and Simpson informed Oberman of the missing items. Oberman then walked up to the van and observed a Sylvania television set and an antique-looking slot machine through a side window.

After placing appellant under arrest, Oberman and another Lansing police officer obtained a search warrant for the van. The police then towed the van to the station where an evidence technician processed it. Along with the television set and slot machine, the police found several other items from the Strong home inside the van.

 Appellant first argues that the trial court erred in denying his motion for change of judge. The ruling on a change of judge motion lies within the sound discretion of the trial court. Ind.Crim. Rule 12; *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105, 1118. The law presumes that a judge is unbiased and unprejudiced. In order to overcome this presumption, the

moving party must establish that a judge has personal prejudice for or against a party. Such bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy before him. *Id.*

In support of his change of judge motion, appellant attached the affidavit of his attorney who swore that the trial judge stated to him that "he did not feel he could sit in judgment on this Defendant because of the numerous letters he received attacking his previous rulings and advising the Court that the Court lacked knowledge of the law." However, as the *Stanger* court noted, "the mere fact that a defendant has appeared before a certain judge in a prior action or the judge has gained knowledge of the defendant by participating in other actions does not establish the existence of bias or prejudice...." *Id.* at 1118. Moreover, at the hearing on the motion, the judge stated that he no longer opened appellant's letters and that he had made as many rulings in favor of appellant as he had against him. Furthermore, after the denial of the motion, appellant expressly requested a bench trial even though the judge gave him the opportunity to retract his earlier waiver of a jury trial. Due to appellant's failure to show personal bias on the part of the trial court, we find the court did not abuse its discretion in denying the motion for change of judge.

 Next, appellant claims the habitual offender determination must be vacated due to deficiencies in the charging information. However, appellant did not challenge the habitual offender allegation until after the trial on the underlying felony and then on grounds other than those he raises on appeal. The sufficiency of an information must be challenged by a motion to dismiss no later than 20 days prior to the omnibus date. IND.CODE § 35–34–1–4(b)(1) (1988 Ed); *Foster v. State* (1988), Ind., 526 N.E.2d 696, 698. Failure to follow this procedure constitutes waiver of any error in regard to defects in the information. *Id.* Although appellant alleges fundamental error in his *pro se* motion to submit issues and evidence, he has failed to show an

impediment to the preparation of his defense or any other specific harm. Consequently, there was no fundamental error, and appellant has waived the issue for appellate review. *Id.*

Lastly, appellant contends the search of his vehicle was "unreasonable" within the meaning of the Fourth Amendment. Specifically, he argues that the Indiana police were required to obtain a search warrant from an Indiana judge in order to search the vehicle. Appellant's argument is without merit.

After receiving a radio broadcast of the burglary with a description of the van, an Illinois police officer observed a van matching the description and followed it to the driveway of appellant's home. As our Supreme Court held in *Coates v. State* (1989), Ind., 534 N.E.2d 1087, 1092: "A vehicle fitting the description of one used by the crime suspect provides reasonable suspicion for making an investigatory stop." Contrary to appellant's assertion, the officer's subsequent observation of the television set and slot machine through the window of the van did not constitute a "search" within the meaning of the Fourth Amendment because the items were in "plain view." *Hester v. State* (1990), Ind. App., 551 N.E.2d 1187, 1191. Although the van was on appellant's private driveway at the time, the officer had a legitimate purpose in approaching it in that he was making sure no one else was inside the van. Such action does not rise to the level of a constitutional violation. *See Lepard v. State* (1989), Ind.App., 542 N.E.2d 1347, 1349.

Furthermore, notwithstanding the above, neither the Indiana nor the Illinois police did anything further with the van until the Illinois police had obtained a search warrant. Considering that the vehicle was in Illinois at the time and that the Illinois police had become involved in the case, it would have been redundant for the Indiana police to obtain a second warrant. Moreover, with the plain view observation of the television set and slot machine, the police had probable cause to believe the van contained the fruits of a crime; therefore, the automobile exception to the search warrant requirement applied. *Moody v. State* (1983), Ind., 448 N.E.2d 660, 663.

The judgment of the trial court is affirmed.

GARRARD and CHEZEM, JJ., concur.