**Bernice COLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8812–CR–1030.**

Supreme Court of Indiana.

Oct. 30, 1990.

Marce Gonzalez, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Theft, a Class D felony, for which she received a sentence of two (2) years enhanced by twelve (12) years by reason of her status as a habitual offender.

The facts are: On November 25, 1985 at approximately 6:50 p.m., appellant and another woman were observed near the frozen lobster and shrimp display in Bernacchi's Farm Market in Merrillville. The women were observed putting boxes of frozen shrimp and lobster tails in their coats. The women then walked away from the display. An employee, who observed this activity, alerted the manager who called police. Both women walked directly out of the store without making any attempt to pay for the merchandise.

Employees followed them outside and requested they return to the store. However, the women ran. Appellant ran to a nearby automobile; the other woman ran to the front of the parking lot. Appellant got in the car and locked the door. She then was observed taking packages of lobster tails out of her coat and putting them into the back seat under some clothing.

The other woman was apprehended by employees near a statue of a bull at the front of the parking area. The employees observed her taking boxes of shrimp out of her coat and throwing them underneath the bull. The employees brought her back to the automobile, telling her she must come inside. However, in an ensuing struggle, she shoved one of the employees away, pushed a shopping cart at him, and entered the car. Once she was inside, the car sped away with appellant driving.

In the meantime, an employee had obtained the license plate number and observed the make and color of the automobile. The police were alerted and apprehended the women. They were returned to the store where employees identified them. At the time they were apprehended by police, they also were observed throwing packages of lobster tails and shrimp from the car. These packages were recovered and identified as coming from the market.

■ Appellant claims the habitual offender charging information was fatally deficient in that it failed to properly advise her of the charge. At the time the State filed the habitual offender count, appellant's counsel objected on the ground that it bore a different cause number than the theft count with which she was charged. When the difference in the numbers was called to the State's attention, the prosecutor informed the court that this was obviously a scrivener's error and moved the court for permission to amend the count by placing the correct number thereon, which motion the court granted.

There is nothing in this record to show that appellant was impeded in any fashion in the preparation of her defense by reason of the error in the numbering of the habitual offender count. See Foster v. State (1988), Ind., 526 N.E.2d 696; Perry v. State (1984), Ind., 471 N.E.2d 270. We see no error in the manner in which the prosecuting attorney handled the correction of the error or in the trial court's permitting him to do so.

■ Appellant also contends the habitual offender information was fatally deficient in that it did not properly advise her of the prior offenses which the State was alleging. However, an examination of the charge shows that appellant was alleged to have been convicted and sentenced for forgery in the LaPorte Superior Court on June 6, 1975 and that on October 19, 1981 she was convicted and sentenced in the Lake County Court, Division II on ten counts of theft. We fail to see how the State could have been more specific and succinct in its charge.

Appellant claims that the evidence to support the charge of habitual offender was insufficient in that it did not properly recite the chronology of the prior felonies. However, an examination of the exhibits presented by the State to sustain its burden of proof shows that the affidavit for the forgery charge was filed on April 29, 1974 and that appellant was committed to the Department of Correction on May 8, 1976 on that charge.

The exhibits also demonstrate that the ten thefts with which appellant stood convicted in Lake County occurred from March 29, 1980 to May 22, 1980. On August 27, 1981, appellant entered a plea of guilty to each count of theft. On October 9, 1981, she was sentenced on those charges. The record supports the proper chronology of the prior crimes. See Jordan v. State (1987), Ind., 510 N.E.2d 655.

Appellant contends the State failed to prove that she was the same person who was convicted and sentenced for the prior crimes. However, in her reply brief, appellant concedes that she was in error in this regard in view of the case of Seeglitz v. State (1986), Ind., 500 N.E.2d 144. She therefore withdraws this issue.

■ Appellant claims the court erred in denying her motion for a directed verdict of acquittal on the theft charge. She claims there is no proof that she actually exerted unauthorized control over the property belonging to the market, and if there is any evidence of such unauthorized control, it is that her companion was the one who took the property. We see no merit to appellant's claim. The evidence as cited above

shows that market employees observed both women taking goods from the store, and employees saw both women removing packages of frozen shrimp and lobster from their coats, appellant removing them in the car and placing them under clothing in the back seat while her companion removed goods and discarded them in the parking lot. Pursuing police also observed the women throwing frozen shrimp and lobster from the car, which packages were recovered and identified as coming from the market.

There is ample evidence in this record to sustain the jury's verdict of guilty of theft. This Court will not attempt to reweigh that evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.