935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward RUSSELL, Petitioner-Appellant,
v.
Thomas RICHARDS and Indiana Attorney General, Respondents-Appellees.
 No. 90-2827.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1991.*
Decided June 10, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Edward Russell appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. An Indiana state court convicted Russell of Criminal Deviate Conduct following a trial by jury. In this petition, Russell contends that the Indiana Supreme Court and the district court erred by not addressing his argument that the uncorroborated testimony of the victim was insufficient to establish guilt.
 
 
 2
 Russell raised this issue before the Indiana Supreme Court. Without commenting on the credibility of the victim's testimony, the court found that sufficient evidence existed to support the conviction.[1] Russell argues that where evidence of guilt stems primarily from the uncorroborated testimony of a victim, reviewing courts have a duty to assess the sufficiency and credibility of the victim's testimony.
 
 
 3
 A state court's factual findings are entitled to a presumption of correctness. "A federal court, however, is not limited to express factual findings made by a state court; it must also rely on any resolution of factual disputes that can be fairly inferred from the state court record." Andersen v. Thieret, 903 F.2d 526, 529-30 (7th Cir.1990). The jury found the victim's testimony credible. In addition, the Indiana Supreme Court implicitly rejected Russell's argument by finding the victim's testimony sufficient to support the conviction. A federal court can "make a contrary finding of fact only if 'on a consideration of ... the record as a whole [the federal court] concludes that such factual determination is not fairly supported by the record.' 28 U.S.C. Sec. 2254(d)(8)." Walton v. Lane, 852 F.2d 268, 273 (7th Cir.1988). We have reviewed the trial transcripts and agree that the victim's testimony was not "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." U.S. v. Cardona-Rivera, 904 F.2d 1149, 1152 (7th Cir.1990) (quoting Anderson v. Bessemer City, 470 U.S. 564, 575 (1985)).
 
 The decision of the district court is
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The Indiana Supreme Court held:
 L.J. testified that she did not consent to the acts and engaged in them out of fear. She testified that upon arriving at the vacant house appellant made sexual advances and Armstrong threatened her while holding a knife to her neck. L.J. further testified that she was struck twice across the mouth and that threats were made that she and members of her family would be harmed if she did not cooperate. There was sufficient evidence to support the conclusion that the victim was compelled by force or the imminent threat of force. Russell v. State, 480 N.E.2d 921, 922-23 (Ind.1985).