**Andrew MANETTA, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45S00–8608–CR–785.

Supreme Court of Indiana.

Aug. 25, 1988.

Daniel L. Bella, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Andrew Manetta appeals from convictions on two counts of attempted child molesting and a habitual offender determination. As the sole issue in this direct appeal, defendant contends the trial court erroneously admitted evidence of defendant's prior Michigan conviction.[1] Defendant argues that the prior conviction, appearing to be equivalent to the offense of rape, was not sufficiently similar to the crimes charged to allow its introduction

---

1. The sole evidence of the Michigan conviction consisted of an exhibit which informed the jury that defendant had previously been convicted upon a plea of guilty to the offense of assault with intent to commit criminal sexual conduct involving sexual penetration. The jury was not informed of the nature, manner, or circumstances of the offense.

into evidence under the depraved sexual instinct rule as applied in *Lawrence v. State* (1984), Ind., 464 N.E.2d 923.

We find it unnecessary to address this issue, for assuming *arguendo* the evidence was erroneously admitted, such admission would be harmless where the evidence supporting the guilty finding was not only substantial but overwhelming. *Howell v. State* (1980), 274 Ind. 490, 413 N.E.2d 225.

We find such overwhelming evidence of guilt presented by the uncontroverted evidence in the present case. Two male victims, ages 8 and 11 years old, were molested and subjected to anal intercourse by defendant while he threatened them with a knife. The boys reported the incident to their parents and were taken to the hospital where they were examined. Medical evidence corroborated the attack. The boys later identified the defendant as the perpetrator. When searched upon arrest, a knife matching the description of the one used in the molestation was found in defendant's sock.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.