**STATE of Indiana, Appellant–Plaintiff,**

v.

**Mark A. KITT, Appellee–Defendant.**

**No. 90A02–9101–CR–7.**

Court of Appeals of Indiana,
Second District.

Sept. 10, 1991.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

SHIELDS, Judge.

Pursuant to IC 35–38–4–2(5) (1988)[1] the State appeals an order suppressing evidence, the effect of which is to preclude further prosecution.

We reverse and remand for further proceedings.

## ISSUE

Whether a law enforcement officer's observations must be inadvertent to constitute a permissible "plain view."

## FACTS

On April 27, 1990 Bluffton Police Officer Scott D. Gilliam was working a special detail at the Bluffton High School prom site. Gilliam observed an open container of beer when he peered into an unoccupied and locked motor vehicle to determine if the vehicle contained any illegal items. Gilliam summoned Wells County Deputy Sheriff Barry Story and Bluffton City Detective Terri Bricker. Deputy Story peered into the car with a flashlight and observed what appeared to be a marijuana cigarette on the driver's-side front floorboard. The owner of the car, Mark A. Kitt, was summoned and asked by Officer Gilliam to unlock his car. Kitt did so and Gilliam retrieved what was later determined to be a marijuana cigarette.

Kitt was charged with possession of marijuana, a class A misdemeanor,[2] and furnishing alcohol to a minor, a class C misdemeanor.[3] The trial court granted Kitt's motion to suppress evidence obtained as a result of Officer Gilliam's and Deputy Story's purposeful peering into Kitt's vehicle on the ground the observations were illegal because they were not inadvertent. The

State appeals because suppression of the evidence precludes further prosecution.

## DISCUSSION

There are two related plain view doctrines operating within fourth amendment jurisprudence: one concerns the ability of law enforcement officers to *seize* evidence of criminal activity in the course of executing a lawful search for other evidence; the second, also termed "open view," concerns the issue of whether police activity constitutes a *search*, i.e., whether the defendant had a privacy interest protected by the fourth amendment in the items discovered. *See Horton v. California* (1990), —— U.S. ——, ——, 110 S.Ct. 2301, 2306 n. 5, 110 L.Ed.2d 112 (distinguishing *seizure* and *search* plain view doctrines). This case concerns the second of these two doctrines.

■■■ The proper inquiry with respect to whether a law enforcement officer's observation of evidence of criminal activity constitutes a search is whether the defendant had a reasonable expectation of privacy concerning the evidence observed. *California v. Ciraolo* (1986), 476 U.S. 207, 211, 106 S.Ct. 1809, 1811, 90 L.Ed.2d 210. We hold the purposefulness of the police observation has no bearing on whether a search has occurred, i.e., that the attentions of police officers trained to recognize evidence of criminal activity are directed at ascertaining the existence of such evidence is irrelevant. As this court stated in *Hester v. State* (1990), Ind.App., 551 N.E.2d 1187, 1191, "[w]hen a police officer views contraband prior to an intrusion into a constitutionally protected area, no 'search' in the constitutional sense has occurred; ... no 'search' occurs when [an] officer merely looks in [a] vehicle to see what is inside; evidence found in such 'open view' is not seized as a product of a search."

■■■ Gilliam and Story observed evidence that was inside Kitt's vehicle in plain or open view. Therefore, a search prohibited by the fourth amendment did not occur.

1. IC 35–38–4–2(5) (1988) reads: "Appeals ... may be taken by the state ... [f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution."

2. IC 35–48–4–11 (1988).

3. IC 7.1–5–7–8 (1988).

*See Avant v. State* (1988), Ind., 528 N.E.2d 74, 76 (observing items in plain view is not a search).[4]

The order suppressing the evidence is reversed and this cause remanded for further proceedings.

BAKER, J., concurs.

SULLIVAN, J., concurs with separate concurring opinion.

SULLIVAN, Judge, concurring.

The determinative factor in the case before us is that the defendant, under the circumstances, had no reasonable expectation of privacy with regard to the visibility of the inside of the vehicle and of the open container of beer. The case quite simply involves a situation described in *Texas v. Brown* (1983) 460 U.S. 730, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502, quoting from *Payton v. New York* (1980) 445 U.S. 573, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639: "The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity."

As stated in *Katz v. United States* (1967) 389 U.S. 347, 88 S.Ct. 507, 511, 19 L.Ed.2d 576: "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *See also California v. Ciraolo* (1986) 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210. Accordingly, Kitt had no cognizable Fourth Amendment claim. Therefore, whether or not the warrantless, purposeful and intentional seeking out of evidence of criminal activity, without probable cause or even reasonable suspicion, constituted a "search," is of no consequence.

I concur.

---

**4.** Until *Horton v. California* (1990), —— U.S. ——, ——, 110 S.Ct. 2301, 2305, 110 L.Ed.2d 112 there was confusion over whether the discovery of evidence of criminal activity *seized* during a search must be inadvertent. *See Clark v. State* (1986), Ind., 498 N.E.2d 918, 922 ("The requirement that the items be discovered inadvertently

means that the police may not know in advance that certain property exists in the area to be searched.") However, in *Horton* the Supreme Court held evidence seized in the course of a search for other evidence need *not* be discovered inadvertently.