Jeffrey CRABTREE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0107–CR–297.

Court of Appeals of Indiana.

Feb. 6, 2002.

William F. Thoms, Jr., Thoms & Thoms Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Jeffrey Crabtree ("Jeffrey") appeals his conviction for Possession of Marijuana,[1] a class D felony. He contends that the trial court erred in denying his motion to suppress the baggie of marijuana the police found on his person because the search of his person violated Crabtree's rights under the Fourth Amendment of the U.S. Constitution and Article I, Section 11 of the Indiana Constitution.

*FACTS*

On March 14, 2001, Officer Michele Van Arsdall of the City of Lawrence Police Department stopped a car driven by Terrence Crabtree ("Terrence") because the occupants were not wearing seatbelts. Jeffrey, Terrence's brother, was a front-seat passenger in the car. Officer Van Arsdall asked for Terrence's license and registration for the vehicle, but Terrence was not able to supply either document. Officer Van Arsdall conducted a registration check on the license plate and found that the plate on the car driven by Terrence was not registered to that vehicle. Tr. at 6. Officer Van Arsdall also ran a check on Terrence's license and discovered that his license had been suspended. Tr. at 7.

Officer Van Arsdall then walked back to the vehicle driven by Terrence and noticed an odor of marijuana emanating from the vehicle. Tr. at 8. Officer Van Arsdall asked Terrence if there were any narcotics in the vehicle, to which Terrence responded, "No." Tr. at 8. She placed Terrence under arrest for driving with a suspended license and prepared to conduct a search of the vehicle incident to Terrence's arrest. Tr. at 9.

Officer Mark Osborn of the City of Lawrence Police Department, assisting Officer Van Arsdall as back up, approached the vehicle in which Jeffrey was still sitting as a passenger. Officer Osborn asked Jeffrey if he had any weapons. When Jeffrey answered that he did not have any weapons, Officer Osborn asked him to step out of the vehicle for a pat-down search and to clear the vehicle of occupants for a search incident to Terrence's arrest. Tr. at 9, 15.

As Jeffrey either stepped out or was "pulled out" of the vehicle, Officer Osborn noticed a clear baggie, containing green

---

1. IND.CODE § 35–48–4–11.

leafy vegetation, hanging from the front "pouch" of Jeffrey's sweatshirt. Tr. at 15, 17–18. Before removing the baggie, which turned out to contain marijuana, Officer Osborn searched Jeffrey for weapons. Tr. at 15. After placing Jeffrey under arrest, Officer Osborn asked Jeffrey whether there was any more marijuana in the vehicle. Tr. at 16. Jeffrey responded that there was more marijuana in the glove compartment. Tr. at 16. Officer Osborn then opened the glove compartment and Officer Van Arsdall seized the marijuana inside it. Tr. at 16.

Jeffrey was subsequently charged with possession of marijuana. He filed a motion to suppress, which the trial court denied. At a bench trial, the State introduced as exhibits the marijuana seized from Jeffrey's person and the glove compartment. The trial court admitted the exhibits over Jeffrey's continuing objection. Tr. at 49. After trial, the court found Jeffrey guilty as charged. He now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Jeffrey contends that the warrantless seizure of the marijuana was illegal and the trial court erred in denying his motion to suppress the marijuana and in admitting the evidence at trial. Our review of the denial of a motion to suppress is similar to other sufficiency matters. *Edwards v. State*, 759 N.E.2d 626, 630 (Ind.2001) (reviewing the legality of a warrantless strip search for weapons and contraband). "The record must disclose substantial evidence of probative value that supports the trial court's decision. We do not reweigh the evidence and we consider conflicting evidence most favorably to the trial court's ruling." *Id.* (citations omitted).

We note that our supreme court in *Edwards* set forth a standard of review different from Supreme Court of Indiana and Indiana Court of Appeals Fourth Amendment precedent. In *Murphy v. State*, decided seven months *before Edwards*, our supreme court stated: "In reviewing the trial court's decision, we consider the evidence favorable to the trial court's ruling *and any uncontradicted substantial evidence to the contrary* to determine whether there is sufficient evidence to support the ruling." 747 N.E.2d 557, 559 (Ind. 2001) (emphasis supplied) (reviewing motion to suppress evidence of contraband and subsequent admission of contraband into evidence at trial). Similarly, many of this court's recent opinions set forth the following standard of review in Fourth Amendment search and seizure cases: "Upon review of a trial court's ruling with respect to the validity of a search and seizure, we will consider the evidence most favorable to the ruling *and any uncontradicted evidence to the contrary* to determine whether there is sufficient evidence to support the ruling. If the evidence is conflicting, we consider only the evidence favorable to the ruling and will affirm if the decision is supported by substantial evidence of probative value." *Williams v. State*, 754 N.E.2d 584, 587 (Ind.Ct.App. 2001) (emphasis supplied and citation omitted), *trans. denied; accord Huffines v. State*, 739 N.E.2d 1093, 1095 (Ind.Ct.App. 2000), *trans. denied; Hanna v. State*, 726 N.E.2d 384, 388 (Ind.Ct.App.2000).

In *Edwards*, our supreme court set out its standard of review by citing a *Fifth Amendment* case that involved a motion to suppress a *confession. Edwards*, 759 N.E.2d at 630 (citing *Goodner v. State*, 714 N.E.2d 638, 641 (Ind.1999)). A court reviewing a motion to suppress a confession is not required to consider evidence that is uncontradicted but unfavorable to the trial court's denial of that motion. *See Good-*

*ner,* 714 N.E.2d at 641. *Goodner,* in turn, cited three other cases involving review of a motion to suppress a *confession. See id.* (citing *Taylor v. State,* 689 N.E.2d 699, 702 (Ind.1997), *Wilcoxen v. State,* 619 N.E.2d 574, 577 (Ind.1993), and *Warner v. State,* 579 N.E.2d 1307, 1309 (Ind.1991)). Although *Edwards*—a Fourth Amendment case—rests on Fifth Amendment precedent, we will apply the standard of review announced in the our supreme court's latest opinion. It is our supreme court's prerogative to clarify, harmonize, or remain silent about its different review standards in *Murphy* and *Edwards.*

## II. Jeffrey's Claim

■■■■ Crabtree cites Article 1, Section 11 of the Indiana Constitution in his appellate brief but develops no state constitutional argument separate from federal constitutional law. Therefore, we will apply only Fourth Amendment search and seizure law in the instant case; any state constitutional claim has been waived. *See Lockett v. State,* 747 N.E.2d 539, 541 (Ind. 2001). The Fourth Amendment, applicable to the States through the Fourteenth Amendment, provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Under the federal constitution, searches and seizures " 'conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " *Middleton v. State,* 714 N.E.2d 1099, 1101 (Ind.1999) (footnote omitted) (quoting *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). The State carries the burden of demonstrating that a warrantless search or seizure falls within one of the exceptions. *Taylor v. State,* 659 N.E.2d 535, 537 (Ind.1995). Any evidence seized in contravention of the Fourth Amendment may be considered "fruit of the poisonous tree," and hence, subject to exclusion from evidence. *Trowbridge v. State,* 717 N.E.2d 138, 144 (Ind.1999).

■■■■ One exception to the warrant requirement is the plain view doctrine. "Three conditions must exist to justify the warrantless seizure of evidence under this doctrine: 1) 'the officer [must] not have violate[d] the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed'; 2) the 'incriminating character' of the evidence must be 'immediately apparent'; and 3) the officer must 'have a lawful right of access to the object itself.' " *Middleton,* 714 N.E.2d at 1101 (alterations in original) (quoting *Horton v. California,* 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)).

### A. Seizure of Marijuana from Jeffrey's Person

Jeffrey contends that there is disputed evidence regarding whether Officer Osborn discovered the marijuana *before* or *during* the pat-down search. Officer Osborn testified that, although he observed the marijuana baggie before searching Jeffrey, he did not retrieve the baggie until after the weapons search. Tr. 15–16. In addition, the probable cause affidavit prepared by Officer Van Arsdall reads: "During the patdown, Officer Osborn observed in the passenger's front sweatshirt pocket a large soft baggie which, in his experience, he believed to be marijuana." Appellant's App. at 18. According to Jeffrey, Officer Osborn discovered the baggie of

marijuana during an illegal search for weapons. Appellant's brief at 4. The search was illegal, so the argument goes, because Officer Osborn lacked reasonable suspicion to conduct the weapons search.

■ Jeffrey concedes that the evidence is in dispute regarding when Officer Osborn observed the baggie.[2] When evidence is conflicting, our standard of review requires that we do not reweigh the evidence but consider the evidence most "favorably" to the ruling. *See Edwards,* 759 N.E.2d at 630. We conclude that Officer Osborn's testimony that he observed the marijuana *before* he conducted the weapons search is of sufficient probative value to support the trial court's ruling. Irrespective of whether the weapons search was justified, the officers lawfully ordered Jeffrey out of the vehicle so that Officer Van Arsdall could search the vehicle incident to Terrence's arrest. *See Maryland v. Wilson,* 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997) (holding that an officer may order passengers out of a vehicle during a traffic stop).

First, in applying the plain view doctrine to the facts of this case, the officers did not violate the Fourth Amendment in stopping the vehicle. Officer Van Arsdall observed that neither front-seat occupant was wearing a seatbelt and, thus, lawfully pulled over the vehicle.[3] Assisting as backup, Officer Osborn lawfully ordered Jeffrey out of the vehicle and was, therefore, lawfully in a place where the baggie could be viewed. *See Maryland,* 519 U.S. at 415, 117 S.Ct. 882. Second, the incriminating nature of the evidence—a rolled up baggie

containing green leafy vegetation—was immediately apparent to Officer Osborn. Tr. at 17–18. Third, because the marijuana is contraband, Officer Osborn had a lawful right to seize it. *Middleton,* 714 N.E.2d at 1101 (noting that the officer could have immediately seized the marijuana because it was contraband). In sum, the plain view doctrine supports the warrantless seizure of the marijuana on Jeffrey's person.

*B. Seizure of Marijuana from the Glove Compartment*

■ As for the marijuana in the glove compartment, Jeffrey failed to present argument in his appellate brief regarding why it should have been suppressed. Instead, he summarily concludes that such evidence was fruit of the poisonous tree. Appellant's brief at 5. For this reason, the issue regarding suppression of the marijuana found in the glove compartment is waived—notwithstanding the State's right to search the vehicle incident to Terrence's arrest and Jeffrey's potential lack of standing to raise the issue. *See* Ind.Appellate Rule 46(A)(8)(a).

Affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.

---

**2.** We note that Crabtree's claim would fail even if we applied the standard set out in *Murphy* and our own precedent. In his brief, Crabtree acknowledges that there is a dispute in the evidence regarding when Officer Osborn viewed the baggie. Appellant's brief at 3, 4. Therefore, he has not shown us any uncontradicted evidence unfavorable to the trial court's denial of his motion to dismiss that would require us to find that the evidence was insufficient to support the ruling.

**3.** Ind Code § 9–19–10–3 ("A vehicle may be stopped to determine compliance with [safety-belt use requirements].").