Tanya JUSTICE, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A05–0105–CR–211.

Court of Appeals of Indiana.

March 19, 2002.

162

Michael R. Fisher, Indianapolis, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Following a bench trial, Tanya Justice was convicted of Burglary, a Class B felony,[1] and Theft, a Class D felony.[2] Upon appeal, Justice presents one issue for our review: whether the trial court properly admitted evidence she contends was seized in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution.

We affirm.

The record reveals that on July 28, 2000, Officer Robert Wendling of the Indianapolis Police Department was dispatched to the Wildwood Village Apartments to investigate a report of a burglary in progress. Upon arriving at the apartment complex, Officer Wendling observed two cars blocking the entrance/exit and that a third car, which Justice was driving, was being delayed. Officer Wendling spoke to the manager of the apartment complex, who told him that, according to two maintenance workers, Justice had broken into an apartment.[3] Based upon this information, Officer Wendling placed Justice in handcuffs and put her in the back of his police car so that he could conduct his investigation.[4]

As part of his investigation, Officer Wendling spoke with the two maintenance workers who told him that they had observed Justice as she left an apartment building carrying a large, purple, plastic container. Further, the maintenance workers told Officer Wendling that they went into the building from which they had seen Justice leaving and that they had noticed scuff marks around a door to an apartment within the building and that the door jamb was broken.

In his probable cause affidavit, Officer Wendling stated that upon further investigation, he "was able to see in plain view a large amount of compact discs in a purple Tupperware type container in Justice's back seat." Appellant's Appendix at 32. Specifically, Officer Wendling made his observations by looking through the back passenger window. When Officer Wendling asked Justice about the compact

---

1. Ind.Code § 35–43–2–1 (Burns Code Ed. Supp.2001).

2. Ind.Code § 35–43–4–2 (Burns Code Ed. Repl.1998).

3. One of the maintenance workers had telephoned her office and informed the office that "she was back." Transcript at 303. It was upon hearing the maintenance worker's suspicions that the manager of the apartment complex and the maintenance supervisor moved their cars to block the entrance/exit to prevent Justice from leaving.

4. Officer Wendling explained to Justice that she was being detained so he could conduct his investigation. No issue is presented asserting that Justice's handcuffing negatively impacted Officer Wendling's open view of the evidence.

discs, Justice claimed that they were hers. However, Justice was unable to identify any of the compact discs. The resident of the apartment in question arrived at the scene and, after looking into the car, positively identified the collection of the fifty-six compact discs as belonging to her.

Prior to her bench trial, Justice filed a motion to dismiss the charges and to suppress evidence asserting that her constitutional rights had been violated. On January 5, 2001, the trial court held a hearing and subsequently denied Justice's motion. At the beginning of the bench trial, Justice made an oral motion requesting the trial court to show a standing objection to any evidence that was covered by the motion to suppress, which the trial court granted.[5]

Upon appeal, Justice contends that seizure of the items in the car was pursuant to a warrantless search in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. Specifically, Justice asserts that the police did not have probable cause to search the car she was driving and that there were no exigent circumstances to justify an exception to the general search warrant requirement. Thus, Justice argues that the trial court erred in denying her motion to suppress and in admitting the evidence that was seized from the car.

■■■ The admissibility of evidence is within the sound discretion of the trial court and will be disturbed only upon a showing that the trial court abused its discretion. *Johnson v. State*, 710 N.E.2d 925, 927 (Ind.Ct.App.1999). Upon review of a trial court's ruling on a motion to suppress and of subsequent admission of the challenged evidence, we must determine whether there is sufficient evidence

of probative value in the record which supports the trial court's determination. *Crabtree v. State*, 762 N.E.2d 217, 219 (Ind.Ct.App.2002). Conflicting evidence will be considered in the light most favorable to the trial court's ruling. *Id.* We will not reweigh evidence or judge witness credibility. *Id.*

■■■ The Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution protect individuals against unreasonable searches and seizures. "Under the federal constitution, searches and seizures 'conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Middleton v. State*, 714 N.E.2d 1099, 1101 (Ind.1999) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). The burden of proof is on the State to prove that a warrantless search or seizure falls within one of the exceptions. *Middleton*, 714 N.E.2d at 1101. While Justice argues that the search and seizure were unlawful, the State asserts that the search and seizure were justified under the plain view exception to the search warrant requirement.

The phrase "plain view" is often used when "open view" may be a more appropriate term with regard to the admissibility of evidence. The plain view doctrine is recognized as an exception to the search warrant requirement. 16 WILLIAM ANDREW KERR, INDIANA PRACTICE § 2.2(f)(3) at 177 (1991). The concept of "plain view" is used when an officer is making a lawful search in a constitutionally protected area and discovers an item in plain view. *Id.;*

---

**5.** Justice made no specific argument to serve as the basis for her standing objection, but rather seemed to incorporate the arguments made at the suppression hearing.

*see also Sayre v. State,* 471 N.E.2d 708, 712 (Ind.Ct.App.1984), *cert. denied* 475 U.S. 1027, 106 S.Ct. 1226, 89 L.Ed.2d 336 (1986) (emphasizing that the plain view doctrine is not implicated unless a search actually occurs). Generally, items observed in plain view are not considered the product of the search. *Horton v. California,* 496 U.S. 128, 133, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) (recognizing that there is no invasion of privacy when items in plain view are observed). Thus, the plain view exception is addressed to concerns implicated by the *seizure* of items. *Id.* at 134, 110 S.Ct. 2301.

■ To justify a warrantless seizure under the plain view doctrine, a law enforcement officer must not have violated the Fourth Amendment in arriving at the place where items are in plain view, the "incriminating character" of the items must be "immediately apparent," and the officer must have "a lawful right of access" to the items in plain view. *See id.* at 136–37, 110 S.Ct. 2301; *Middleton,* 714 N.E.2d at 1101. If such requirements are met, the items discovered in "plain view" may be seized without a warrant. KERR, *supra,* § 2.2(f)(3) at 177–78.

■ Often confused with the plain view doctrine is the concept of "open view," which is used in situations in which a law enforcement officer sees contraband from an area that is not constitutionally protected, but rather is in a place where the officer is lawfully entitled to be. KERR, *supra,* § 2.2(e)(2) at 129; *Sayre,* 471 N.E.2d at 712. In such situations, anything that is within "open view" may be

observed without having to obtain a search warrant because making such "open view" observations do not constitute a search in the constitutional sense.[6] KERR, *supra,* § 2.2(e)(2) at 129; *see also Sayre,* 471 N.E.2d at 712. Nonetheless, in order to lawfully seize items in "open view," it may be necessary to obtain a search warrant or be able to justify a warrantless seizure under an exception to the warrant requirement. KERR, *supra,* § 2.2(e)(2) at 129.

■ The concept of "open view" is applicable to the facts of this case. *But cf. State v. Hollins,* 672 N.E.2d 427 (Ind.Ct. App.1996) (applying the plain view doctrine to factual situation which indicated that the evidence seized was in open view), *trans. denied.* Here, Officer Wendling testified that during the course of his investigation, he could see the plastic container and the compact discs by looking through the window of the car, which had been stopped at the public entrance/exit of an apartment complex. Thus, Officer Wendling was not conducting a "search" in the sense that triggers the warrant requirement in that he did not pry into private or personal areas looking for concealed items. *See Rook v. State,* 679 N.E.2d 997, 999 (Ind.Ct.App.1997); *Lindsey v. State,* 246 Ind. 431, 204 N.E.2d 357 (1965). Further, Officer Wendling had not intruded into a constitutionally protected area and was in a place he was lawfully entitled to be when he observed the items through the window of the car. Because the items were in "open view," Officer Wendling's act of looking through the window did not constitute a search.[7]

---

6. The concept of "open view" observations is not the same as the open fields doctrine. *See* WAYNE R. LaFAVE, SEARCH AND SEIZURE § 2.4(a)(2d ed.1987).

7. In her brief, Justice argues that Officer Wendling did not have probable cause to search the car and that there were no exigent

circumstances to justify a warrantless search and seizure. Justice's argument assumes that Officer Wendling "searched" the vehicle, such that constitutional protections were implicated, based only upon hearsay information given to him by the apartment complex manager. The record does not support Justice's

■■■ However, our inquiry does not end there. We must next determine whether the subsequent seizure of the items from the car was proper. *See Hester v. State*, 551 N.E.2d 1187, 1191 (Ind.Ct. App.1990). To justify a warrantless seizure from an automobile, " 'an officer must have probable cause to believe that the property to be seized is connected to criminal activity.' " *Id.* at 1191 (quoting *Cochran v. State*, 429 N.E.2d 672, 674 (Ind.Ct. App.1981)); *see also Cody v. State*, 702 N.E.2d 364, 366 (Ind.Ct.App.1998). "Probable cause requires only that the information available to the officer would lead a person of reasonable caution to believe the items could be useful as evidence of a crime." *Taylor v. State*, 659 N.E.2d 535, 539 (Ind.1995).

The facts known to Officer Wendling were that he had been dispatched to the apartment complex to investigate a burglary in progress. Upon arriving, Officer Wendling was informed by the manager of the complex that there had been a break-in. Further, Officer Wendling spoke with the two maintenance workers who informed him that they had observed Justice as she left an apartment building carrying a large, plastic container, and that there were scuff marks and a broken door jamb on a door to one of the apartments in that building. Officer Wendling observed the plastic container and compact discs in the back seat of the car and then questioned Justice about them. Justice told Officer Wendling that the compact discs belonged to her; however, Justice was unable to name even one of the compact discs. Based upon all of the above information, we conclude that Officer Wendling had probable cause to believe that the compact discs would be useful as evidence of the burglary he was there to investigate.[8]

■■ Be that as it may, probable cause alone cannot justify a warrantless search or seizure absent exigent circumstances. *Hester*, 551 N.E.2d at 1191. Exigent circumstances, though, may be presumed from the inherent mobility of automobiles and the fact that evidence therein can be easily moved or destroyed. *Hollins*, 672 N.E.2d at 432; *Hester*, 551 N.E.2d at 1191.

■■ Justice, however, argues that even though the evidence was seized from a car, there was no danger of the car being moved, as she had been handcuffed and placed in the back of Officer Wendling's car and that the car she had been driving was blocked by Officer Wendling's police car. She further asserts that because the car was located "at a residential parking lot," there were no exigent circumstances to justify the warrantless seizure. Appellant's Brief at 10. In support of her argument, Justice relies on *Brown v. State*, 653 N.E.2d 77 (Ind.1995), wherein our Supreme Court held that there were no exigent circumstances to justify a warrantless seizure of an automobile. In *Brown*, a

interpretation of the facts. There is no indication in the record that Officer Wendling conducted a prying "search" immediately after speaking with the apartment complex manager and prior to speaking with the maintenance workers. To the contrary, the record suggests that prior to any prying "search," Officer Wendling was informed by the manager of the apartment complex that a break-in had occurred. Officer Wendling then talked to the maintenance workers about what they had observed. Finally, Officer Wendling testified that he could see a plastic container and the compact discs by simply looking through the windows of the car. As we have just explained, Officer Wendling's actions did not constitute a search, as the purple container and compact discs were in open view.

8. Officer Wendling's probable cause was further confirmed before actual seizure of the items when the apartment resident arrived and identified the compact discs, still inside the car, as her property.

police officer saw a car which matched the description of a car that had been seen the day before leaving the scene of a robbery. The car was located in a residential area, near Brown's home. The officer impounded the vehicle and conducted an inventory search, during which incriminating evidence was discovered. Brown arrived while the officer was conducting the search and was arrested. Brown moved to suppress the evidence found in his car on grounds that the search and seizure violated his constitutional rights.

In evaluating the facts, our Supreme Court noted that a day had passed since the robbery had occurred and that the car was parked in a residential neighborhood and was surrounded by police cars. The Court stated that, "There was little likelihood that the car would be moved and thus lost to the police. There was neither a shortage of time nor an emergency." *Brown,* 653 N.E.2d at 80. The Court then concluded that because there were no exigent circumstances and because Brown's car was located in a residential parking area, the seizure of the car, i.e. the impoundment, violated the Fourth Amendment. *Id.* at 81.

The facts in the case at bar are distinguishable from those in *Brown.* Here, Officer Wendling was investigating a burglary which had just been reported. Further, Justice was stopped as she was trying to leave the apartment complex in the car. Finally, we cannot agree with Justice that the car was "at a residential parking lot." Appellant's Br. at 10. Here, Justice had been stopped at the public entrance/exit to the apartment complex and thus, the car was in a public thoroughfare.

 Justice also claims that the warrantless search and seizure violated Article 1, Section 11 of the Indiana Constitution. The purpose of that provision is "to protect from unreasonable police activi-

ty those areas of life that Hoosiers regard as private." *Brown,* 653 N.E.2d at 79. Under our Constitution, searches and seizures are evaluated under an independent reasonableness standard considering the totality of the circumstances. *State v. Lamar,* 680 N.E.2d 540, 543 (Ind.Ct.App. 1997); *see also Brown,* 653 N.E.2d at 79–80. Given the totality of the circumstances and the facts known to Officer Wendling, we cannot say that his seizure of the evidence from the car was unreasonable. Therefore, the warrantless seizure of the items did not violate Justice's constitutional rights under the State Constitution.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.