Tanya JUSTICE, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A05–0105–CR–211.

Court of Appeals of Indiana.

May 8, 2002.

Michael R. Fisher, Indianapolis, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, for Appellee.

**OPINION UPON PETITION FOR REHEARING**

SULLIVAN, Judge.

The State of Indiana has filed a Petition for Rehearing asserting error in our opinion in *Justice v. State*, 765 N.E.2d 161 (Ind.Ct.App.2002). In *Justice*, we held that the warrantless seizure of evidence from a car did not violate the Fourth Amendment of the United States Constitution or Article 1, Section 11 of the Indiana Constitution. *Id.* at 166–67. We issue this opinion upon rehearing for the purpose of clarification with regard to the asserted error.

The State asserts that our opinion improperly stated the law regarding the au-

---

tomobile exception to the search warrant requirement. Specifically, the State asserts that we improperly held that, under the Fourth Amendment, probable cause was an insufficient basis to search a car without a warrant absent additional exigent circumstances. To the extent that our opinion can be read as suggested by the State, that is not what was intended. Therefore, we take this opportunity to clarify our original opinion to avoid any misapplication of the law.

■ In our original opinion we concluded that the facts of the case fell within the purview of the open view doctrine, and thus Officer Wendling's actions of looking through the window of the car and observing the evidence did not constitute a search in the constitutional sense. *Id.* at 165. Nonetheless, the subsequent seizure of the evidence from the car was subject to its own constitutional limitations. *Id.* at 166. In addressing whether Justice's constitutional rights were violated when the evidence was seized from the car without a warrant, we noted that a warrantless seizure of items from an automobile is only justified where an officer has probable cause to believe that the property to be seized is connected to criminal activity. *Id.* at 166. *See Hester v. State*, 551 N.E.2d 1187, 1191 (Ind.Ct.App.1990). After considering the facts known to Officer Wendling prior to his warrantless seizure of evidence from the car, we concluded that he had probable cause to believe that the items would be useful as evidence of the crime he was investigating. *Justice*, 765 N.E.2d at 166.

■ We then stated that "probable cause alone cannot justify a warrantless search or seizure absent exigent circumstances," but that exigent circumstances could be presumed from the inherent mobility of automobiles. *Id.* As this court has more recently explained in *Johnson v.*

*State*, 766 N.E.2d 426 (Ind.Ct.App.2002), the Fourth Amendment does not require a *separate* exigency requirement for the automobile exception. *See Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (per curiam). " 'If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.' " *Id.* at 467, 119 S.Ct. 2013 (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam)). The United States Supreme Court has recognized two justifications for this rule—the "ready mobility" of and the diminished expectation of privacy in an automobile. *See California v. Carney*, 471 U.S. 386, 390–91, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); *Labron*, 518 U.S. at 940, 116 S.Ct. 2485. Under such circumstances, the warrantless search of an automobile is permitted because a warrant would not provide significant protection of a defendant's Fourth Amendment interests. *U.S. v. Ross*, 456 U.S. 798, 831, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (Marshall, J., dissenting).

In our original opinion we concluded that Officer Wendling had probable cause to believe that the items seized would be useful as evidence of a crime. *Justice*, 765 N.E.2d at 166. Further, the exigent circumstance was presumed from the inherent mobility of the car and the fact that evidence therein could have been easily moved or destroyed. *Id.* Thus, because the evidence was seized from an automobile, there was no other separate exigency requirement under federal analysis. Therefore, the seizure of evidence from the car did not violate Justice's Fourth Amendment rights.

Under Article 1, Section 11 of the Indiana Constitution, our analysis was slightly different. In determining whether

the warrantless seizure violated Article 1, Section 11, we had to decide whether the seizure was reasonable considering the totality of the circumstances. *See Brown v. State*, 653 N.E.2d 77 (Ind.1995). In our opinion, we noted that the purpose of Article 1, Section 11 is " 'to protect from unreasonable police activity those areas of life that Hoosiers regard as private.' " *Justice*, 765 N.E.2d at 167 (quoting *Brown*, 653 N.E.2d at 79). Our Supreme Court has recognized that "Hoosiers regard their automobiles as private and cannot easily abide their uninvited intrusion." *Brown*, 653 N.E.2d at 80.

In *Brown*, our Supreme Court held that given the facts of that case, which indicated that there were no exigent circumstances, the warrantless search of a car was unreasonable. *Id.* The Court noted that a day had passed since the robbery had occurred and that the car was parked in a residential neighborhood and was surrounded by police cars. The Court stated, "There was little likelihood that the car would be moved and thus lost to the police. There was neither a shortage of time nor an emergency." *Id.* Upon appeal, Justice, relying on *Brown*, argued that there were no exigent circumstances to justify the warrantless seizure of evidence from the car. Justice asserted that there was no danger of the car being moved, as she had been handcuffed and placed in the back seat of Officer Wendling's car, and that the car she had been driving was blocked by Officer Wendling's car.

Because the facts of this case are distinguishable from those in *Brown*, we concluded that given the circumstances and the facts known to Officer Wendling, the seizure of the evidence from the car Justice had been driving was not unreasonable. *Justice*, 765 N.E.2d at 167. Therefore, the seizure did not violate Justice's rights under the State Constitution. *Id.*

We hereby clarify our original opinion to the extent that it can be interpreted to mean that, under the Fourth Amendment, probable cause was an insufficient basis to seize evidence from a car without a warrant absent additional exigent circumstances. Under the Fourth Amendment, there is no separate exigency requirement, aside from the inherent mobility of an automobile and a diminished expectation of privacy, needed to justify the warrantless seizure of evidence from a car.

Subject to the above clarification, our earlier opinion is hereby affirmed.

KIRSCH, J., and ROBB, J., concur.