## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 09 2017, 7:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Doyle Burton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 9, 2017

Court of Appeals Case No.
49A02-1702-CR-220

Appeal from the Marion Superior Court

The Honorable David Certo, Judge

Trial Court Cause No.
49G12-1610-CM-40891

**Barnes, Judge.**

# Case Summary

Doyle Burton brings this interlocutory appeal of the trial court's denial of his motion to suppress evidence. We affirm.

# Issue

The sole issue before us is whether the trial court erred in denying Burton's motion to suppress evidence obtained pursuant to a warrantless vehicle search.

# Facts

On October 17, 2016, the State charged Burton with Class A misdemeanor operating a vehicle while intoxicated, Class B misdemeanor operating a vehicle while intoxicated endangering a person, and Class C misdemeanor operating a motor vehicle without ever receiving a license. On November 28, 2016, Burton moved to suppress evidence obtained pursuant to a warrantless search of his vehicle. The trial court heard evidence and argument on December 14, 2016. The parties stipulated to the following underlying facts:[1]

> On October 16, 2016 at about 9:32 pm, Mark Ford was facing westbound in the left turn lane at High School Road sitting at the red left turn arrow, when he was rear-ended by a maroon 2000 Toyota minivan (bearing Indiana 2017 plate WEG307). Ford got out of his CRV and spoke with the occupants of the minivan. They accused him of

---

[1] The transcript reveals that on the day of the suppression hearing, the State's law enforcement witness notified counsel for the State that he was ill and unable to testify. The State proposed "bifurcat[ing] and bring[ing] him in." Tr. pp. 13-14. The trial court indicated a willingness to proceed as necessary. *See* Tr. p. 16 ("If there are other facts we ought to come back and discuss, let's do that."). In lieu of the officer's testimony, the parties stipulated to the admission of the first two paragraphs of the probable cause affidavit.

being drunk and the driver pulled away as Ford protested and told him he needed to stay. The driver of the Toyota which had heavy front end damage, who Ford described as a black male wearing a maroon sweater, drove around Ford's CRV and turned south on High School Road and then turned into the apartment complex south of Rockville Road on the east side of the street. Officers Robert Ferguson and James Beliles of the Indianapolis Metropolitan Police Department responded to the crash and spoke with Ford, who told them what had happened. They went to the apartment complex and found the damaged minivan with heavy front end damage leaking fluids parked in front [sic] 6016 Cheshire. Ferguson found the registration in the glove box and found mail addressed to 6014 Cheshire Apartment D. Ferguson and Beliles went to that location and knocked on the door. A black male answered the door and Ferguson asked him if he had been involved in a crash. Before the male answered the question, Doyle Burton B/M/46, 4/29/70, came around the corner and told Ferguson that he was the driver of the van. Ferguson saw that Burton had a burgundy sweater. Ferguson noticed Burton's eyes were red and glassy, his speech was slurred and he had an odor of an alcoholic beverage on his breath. He advised Burton of his Miranda warning and Burton admitted to drinking. Ford was brought to the parking lot of the Bob Evans and positively identified Burton as the driver of the van that struck him. [Affidavit for Probable Cause, p. 24].

[4] The trial court heard the parties' arguments and denied Burton's motion to suppress, stating:

. . . [I]t is no surprise to me that an officer investigating a hit and run accident would pursue the kind of investigation they pursued here. It does seem to me that Indiana law requires that a person keep his registration with his vehicle, and the logical place to look for it would be the glove box. That said, if there was a gun in the glove box, if there was contraband in the glove box, it would be perfectly reasonable to suppress that kind of seized item. But, consulting a registration, which is required to be in a vehicle, seems proper to me, even if it's found in the glove box. I

haven't heard any testimony that the glove box was locked or had to be broken or that the vehicle had to be broken into. We can talk about those things, too, because these inquiries are always fact sensitive. But, at this time I believe it's proper to deny the motion to suppress, because I think this is well within the exception for vehicles.

Tr. pp. 15-16. Burton now appeals.

## Analysis

Burton argues that the trial court erred in denying his motion to suppress evidence. In reviewing a trial court's denial of a motion to suppress evidence, we determine whether the record discloses "substantial evidence of probative value that supports the trial court's decision." *State v. Renzulli,* 958 N.E.2d 1143, 1146 (Ind. 2011) (quoting *State v. Quirk,* 842 N.E.2d 334, 340 (Ind. 2006)). We do not reweigh the evidence, but consider conflicting evidence most favorably to the trial court's ruling. *Id.* (quoting *Quirk,* 842 N.E.2d at 340). "[T]he ultimate determination of the constitutionality of a search or seizure is a question of law that we consider de novo." *Carpenter v. State,* 18 N.E.3d 998, 1001 (Ind. 2014). We may affirm the denial of a motion to suppress on any basis apparent in the record. *Faris v. State,* 901 N.E.2d 1123, 1126 (Ind. Ct. App. 2009), trans. denied.

We initially note that Burton has failed to present argument on appeal as to the reasonableness of the search under the Indiana Constitution. His brief contains no reference to the Indiana Constitution, much less the "separate legal analysis" that is required to argue in admissibility under our state constitution. *See State v. Friedel,* 714 N.E.2d 1231, 1243 (Ind. Ct. App. 1999). Therefore, he has

waived any argument regarding Article 1, Section 11 of the Indiana Constitution. *See id.* (holding party "failed to preserve any argument it might have under the Indiana Constitution").

[7] The centerpiece of federal search and seizure jurisprudence is the warrant requirement of the Fourth Amendment, which provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. A warrantless search or seizure is per se unreasonable, and the State bears the burden to show that one of the well-delineated exceptions to the warrant requirement applies. *Osborne v. State*, 63 N.E.3d 329, 331 (Ind. 2016).

[8] The automobile exception is a well-recognized exception to the Fourth Amendment's warrant requirement. *See Myers v. State,* 839 N.E.2d 1146, 1150 (Ind. 2005). The exception is grounded in two notions: (1) a vehicle is readily moved and, therefore, evidence therein may disappear while a warrant is being obtained; and (2) citizens have lower expectations of privacy in their vehicles than in their homes. *State v. Hobbs,* 933 N.E.2d 1281, 1285 (Ind. 2010) (citing *California v. Carney,* 471 U.S. 386, 391, 105 S. Ct. 2066, 2069 (1985)). "One reason for this diminished expectation of privacy in a car and its contents is that

cars travel along public highways and are subject to pervasive government regulation." *Hobbs*, 933 N.E.2d at 1285; s*ee Carney,* 471 U.S. at 392-93.

[9] The United States Supreme Court has specifically stated that when there is probable cause that a vehicle contains evidence of a crime, a warrantless search of the vehicle does not violate the Fourth Amendment. *Meister v. State,* 933 N.E.2d 875, 879 (Ind. 2010) (citing *California v. Acevedo,* 500 U.S. 565, 569, 111 S. Ct. 1982, 1986 (1991)); *see also Pennsylvania v. Labron,* 518 U.S. 938, 940, 116 S. Ct. 2485, 2487 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."); *see Justice v. State,* 765 N.E.2d 161, 166 (Ind. Ct. App. 2002), *clarified on reh'g*, 767 N.E.2d 995, 996 (Ind. Ct. App. 2002) (holding warrantless seizure of items from an automobile is only justified where officer has probable cause to believe that property to be seized is connected to criminal activity"). Probable cause alone cannot justify a warrantless search or seizure absent exigent circumstances; however, exigent circumstances may be presumed from the inherent mobility of automobiles. *Id.* at 996*; see Johnson v. State,* 766 N.E.2d 426, 432 (Ind. Ct. App. 2002) (holding that Fourth Amendment does not require a separate exigency requirement for the automobile exception).

[10] We initially note that sufficient probable cause existed for the police to believe that evidence of a crime—namely, the unidentified driver's involvement in a hit and run as well as the driver's vehicle registration—would be found in Burton's vehicle.

[11] Burton argues that the automobile exception does not apply because his vehicle was not readily mobile. Although it is undisputed that the vehicle sustained significant damage in the collision, the fact remains that the vehicle was operable immediately after the hit-and-run, as Burton fled the scene under its power. *See Hobbs,* 933 N.E.2d at 1286 (holding that under automobile exception to warrant requirement, an operational vehicle is inherently mobile whether driver is behind the wheel or has ready access).

[12] Next, Burton contends that the automobile exception is inapplicable because his vehicle was parked in a residential apartment parking lot "in front of or at the very least near to Mr. Burton's apartment." Tr. p. 7. Specifically, he testified that the vehicle was parked in front of his apartment in the parking lot of the multi-family apartment complex in which he lived. Tr. pp. 6, 7.

[13] Burton's vehicle was parked in the parking area of a multi-family apartment complex. Unlike a private driveway, such a parking area is akin to the parking area of a restaurant. *See Hobbs,* 933 N.E.2d at 1286 (finding police search of defendant's readily mobile vehicle as located in restaurant's parking area was subject to automobile exception where police officers had probable cause to believe vehicle contained evidence of crime); *see also United States v. Sparks,* 750 F. Supp. 2d 384, 389 (D. Mass. 2010) (finding parking area that was "available for shared benefit of multi-family residence" was not part of sacrosanct curtilage).

For the foregoing reasons, the automobile exception to the search warrant requirement was applicable, and the trial court's denial of Burton's motion to suppress evidence seized from his vehicle was proper under the Fourth Amendment.

## Conclusion

We uphold the trial court's denial of Burton's motion to suppress evidence. We affirm.

Affirmed.

May, J., and Bradford, J., concur.